UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
100 F Street N.E.,
Washington, D.C. 20549

                             Plaintiff,

v.

**GLG PARTNERS, LP,**
One Curzon Street
London, England W1J 5HB

                             Defendant.

No.  CV

## COMPLAINT

Plaintiff, the United States Securities and Exchange Commission (the "Commission"), alleges:

### SUMMARY

1. This action arises from multiple violations of Rule 105 of Regulation M under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 242.105(a)(1)] by Defendant GLG Partners, LP ("GLG"), one of the largest hedge fund managers in Europe. On sixteen occasions from July 2003 through May 2005, GLG violated Rule 105. During the period, GLG did not have any policies, procedures or training with respect to Rule 105.

2. With respect to each violation, GLG sold securities short during the five business days before the pricing of public offerings and then covered the short positions with securities purchased in the offerings. These transactions occurred in four of GLG's Funds: GLG Market Neutral Fund; GLG North American Opportunity Fund; GLG Technology Fund; and GLG

European Long Short Fund (collectively, the "GLG Funds"). GLG made over $2 million in profits for the GLG funds on these transactions. The conduct at issue also is described in the Commission's Order Instituting Cease-and-Desists Proceedings, Making Findings, and Imposing a Cease-and-Desist Order Pursuant to Section 21C of the Securities Exchange Act of 1934, issued on or about June 26, 2007.

## JURISDICTION AND VENUE

3. The Commission brings this action pursuant to the authority conferred upon it by Section 21(d)(3)(A) of the Exchange Act [15 U.S.C. §78u(d)(3)(A)] to obtain a civil money penalty for violations of the Exchange Act.

4. This Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa].

5. Certain of the acts, practices, and courses of conduct constituting the violations of law alleged in the Complaint occurred within this judicial district and, therefore, venue is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].

6. Defendant, directly and indirectly, has made use of the means or instruments of transportation or communication in interstate commerce, or of the mails in connection with the acts, practices and transactions alleged herein.

## THE DEFENDANT

7. GLG is one of the largest hedge fund managers in Europe. GLG manages thirty hedge funds with total assets in excess of $12 billion. GLG is headquartered in London, United Kingdom, and subject to regulation by the Financial Services Authority of the United Kingdom. Several of GLG's funds trade in securities through United States markets.

## FACTS

8.  Rule 105 of Regulation M, "Short Selling in Connection With a Public Offering," prohibits covering a short sale with securities obtained in a public offering if the short sale occurred within five business days before the pricing of the offering (the "Restricted Period"). The Commission adopted Rule 105 of Regulation M in an effort to prevent manipulative short selling prior to a public offering by short sellers who cover their short position by purchasing securities in the offering, thus largely avoiding exposure to market risk. <u>Anti-manipulation Rules Concerning Securities Offerings</u>, Release Nos. 33-7375, 34-38067 (Dec. 20, 1996). The Rule is prophylactic and prohibits the conduct irrespective of the short seller's intent in effecting the short sale. <u>Short Sales</u>, Final Rule, Release No. 34-50103 (July 28, 2004).

9.  During the relevant period, GLG violated Rule 105 on sixteen occasions in fourteen different public offerings involving the following securities: ChipMos Technologies (Bermuda) Ltd. (Nasdaq: IMOS), Petco Animal Supplies, Inc. (Nasdaq: PETC), Nextel Partners, Inc. (Nasdaq: NXTP), Chicago Mercantile Exchange Holdings, Inc. (NYSE: CME), AU Optronics, Inc. (NYSE: AUO), Lipman Electronic Engineering Ltd. (Nasdaq: LPMA), Hewitt Associates, Inc. (NYSE: HEW), Spectrasite, Inc. (NYSE: SSI), Estee Lauder Cos., Inc. (NYSE: EL), Lubrizol Corp. (NYSE: LZ), Taiwan Semiconductor Manufacturing Company (NYSE: TSM) and CMS Energy Corp. (NYSE: CMS). Three examples of GLG's conduct are described in detail below.

### Taiwan Semiconductor Manufacturing Co. Ltd. ("Taiwan")

10. On October 21, 2003, Taiwan announced a secondary offering of 100 million ADSs representing 500 million common stock shares. The underwriters priced the ADSs at

$10.77 after the market closed on November 10, 2003. Accordingly, the Restricted Period was Tuesday November 4, 2003 through Monday November 10, 2003.

11. During the Restricted Period, from November 5, 2003 through November 10, 2003, GLG, on behalf of GLG Market Neutral Fund, on nine occasions sold short a total of 2.548 million Taiwan ADSs. On November 10, 2003, GLG, on behalf of GLG Market Neutral Fund, purchased 7 million Taiwan ADSs in the secondary offering at a price of $10.77. In violation of Rule 105, GLG used the ADSs purchased in the offering to cover the fund's outstanding short position in Taiwan, realizing profits for the fund of $651,111.20.

**Spectrasite, Inc. ("Spectrasite")**

12. On April 23, 2004, Spectrasite announced a secondary offering of over 10 million shares of its common stock, which was subsequently amended to over 9 million shares. The underwriters priced the offering after the market closed on May 10, 2004. Accordingly, the Restricted Period was Tuesday May 4, 2004 through Monday May 10, 2004.

13. During the Restricted Period, from May 4, 2004 through May 7, 2004, GLG, on behalf of GLG North American Opportunity Fund, on six occasions sold short a total of 152,490 shares of Spectrasite. On May 10, 2004, GLG, on behalf of GLG North American Opportunity Fund, purchased 266,535 shares of Spectrasite in the secondary offering at a price of $36.25. In violation of Rule 105, GLG used the shares purchased in the offering to cover the fund's outstanding short position in Spectrasite, realizing profits for the fund of $217,871.78.

**AU Optronics, Inc. ("AU Optronics")**

14. On May 7, 2004, AU Optronics announced a secondary offering of 30 million ADSs representing 300 million shares of common stock. The ADSs in the offering would be temporary shares for seven business days, after which time they would automatically convert to

ADSs exchangeable for common stock. The underwriters priced the offering after the market closed on June 17, 2004. Accordingly, the Restricted Period was Friday June 11, 2004 through Thursday June 17, 2004.

15. On June 17, 2004, within the Restricted Period, GLG, on behalf of GLG Market Neutral Fund, sold short 400,000 ADSs for $16.8208 per share and 100,000 ADSs for $16.90 per share. On June 18, 2004, GLG, on behalf of GLG Market Neutral Fund, purchased 9,000 AU Optronics ADSs in the market. On June 18, 2004, GLG, on behalf of GLG Market Neutral Fund, purchased 2,427,500 temporary AU Optronics ADSs in the secondary offering at a price of $16. In violation of Rule 105, GLG used the ADSs purchased in the offering to cover the fund's outstanding short position in AU Optronics (491,000 ADSs) once the shares converted from temporary ADSs, realizing profits for the fund of $418,979.70.

16. In each of the above trades related to the fourteen offerings, GLG sold securities short during the five business days before the pricing of public offerings and then covered the short positions with securities purchased in the offerings. GLG made a total of $2,214,180 in profits for the GLG funds on these transactions.

## CLAIM FOR RELIEF

### GLG Violated Rule 105 of Regulation M [17 C.F.R. § 242.105]

17. Paragraphs 1 through 16 are realleged and incorporated herein by reference.

18. Rule 105 of Regulation M under the Exchange Act makes it "unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the . . . period beginning five business days before the pricing of the offered securities and ending with the pricing."

19. As set forth above, from July 2003, through May 2005, on sixteen occasions in connection with fourteen secondary offerings of securities, GLG, acting through certain funds that it manages, covered short sales made during the Restricted Period with offered securities purchased from underwriters participating in those public offerings.

20. By engaging in the foregoing conduct, GLG violated Rule 105 of Regulation M [17 C.F.R. § 242.105].

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court enter judgment:

a. Ordering Defendant to pay a $500,000 civil money penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

b. Granting such other and further relief as is just and proper; and

c. Retaining jurisdiction of this action in order to implement and carry out the terms of any Orders that may be entered herein.

Dated: June 26, 2007.

Respectfully submitted,

/s/ Arthur S. Lowry

Arthur S. Lowry (D.C. Bar #421266)
lowrya@sec.gov
Antonia Chion (D.C. Bar #358014)
Lisa Deitch
Christy L. Romero (D.C. Bar #479380)
Attorneys for Plaintiff
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
Phone: (202) 551-4198 (Lowry)
Fax:    (202) 772-9245 (Lowry)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States Securities and Exchange Commission | GLG Partners, LP |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Arthur S. Lowry, Esq., Christy L. Romero, Esq., U.S. SEC, 100 F Street, N.E., Washington, DC 20549-4040, (202) 551-4918 (Lowry) | Matthew Dontzin, Esq., The Dontzin Law Firm, 6 East 81st Street, New York, NY 10028, (212) 717-2900 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

● 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

● **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☒ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. sec 78u(d)(3) & 17 CFR 242.105. GLG covered short stock sales with stock it purchased in public offerings, violating Exchange Act Rule 105.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 500,000 civ penalty   Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 6/26/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_   Arthur S. Lowry #421266

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>          v.<br><br>GLG PARTNERS, LP,<br><br>                              Defendant. | No.   CV |

## FINAL JUDGMENT

The United States Securities and Exchange Commission having filed a Complaint and Defendant GLG Partners, LP ("GLG") having filed a Consent of Defendant GLG Partners, LP ("Consent") in which GLG: entered a general appearance; consented to personal and subject matter jurisdiction of this Court in this action and any action arising out of or related to this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Rule 105 of Regulation M [17 C.F.R. § 242.105], by:

In connection with an offering of securities for cash conducted on a firm commitment basis pursuant to a registration statement or a notification on Form 1-A (17 C.F.R. § 239.90) filed under the Securities Act of 1933, covering a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the shorter of:

(i) the period beginning five business days before the pricing of the offered securities and ending with such pricing; or

(ii) the period beginning with the initial filing of such registration statement of notification on Form 1-A and ending with the pricing.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $500,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying GLG Partners, LP as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of such letter and form of payment shall be simultaneously sent to Christy L. Romero, Senior Counsel, Division of Enforcement, Securities and Exchange Commission, 100 F St., N.E.,

Washington, D.C. 20549. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2007

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>    v.<br><br>GLG PARTNERS, LP,<br><br>         Defendant. | No. CV |

## CONSENT OF DEFENDANT GLG PARTNERS, LP

  1.  Defendant GLG Partners, LP ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits personal and subject matter jurisdiction of this Court in this action and any action arising out of or related to this action.

  2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay a civil penalty in the amount of $500,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

  3.  Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: May 29, 2007

GLG PARTNERS, LP

By: _____
[Name] Emmanuel Roman
[Title] Co-CEO
[Address]

On 29/5, 2007, Emmanuel Roman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of GLG Partners, LP as its Co-CEO.

_____
Notary Public
Commission expires:
SOLICITOR

Approved as to form:

_____
Matthew Dontzin
The Dontzin Law Firm
6 East 81st Street
New York, NY 10028
Attorney for Defendant

4